# EXHIBIT A

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **DARREAL KIRBY**<br>7616 Star Avenue<br>Cleveland, OH 44103 | ) Case No.<br>)<br>) Judge<br>) |
| Plaintiff, | )<br>) **CLASS ACTION COMPLAINT** |
| vs. | )<br>) **JURY DEMAND ENDORSED HEREON** |
| **AMERICAN SUGAR REFINING, INC.**<br>c/o Corporate Creations Network, Inc.<br>119 E. Court Street<br>Cincinnati, OH 45202 | )<br>)<br>)<br>) |
| Defendant. | ) |

Plaintiff Darreal Kirby ("Plaintiff"), on behalf of himself and all others similarly situated, for his class action Complaint against Defendant American Sugar Refining, Inc. ("Defendant"), states and alleges as follows:

### INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Ohio Minimum Fair Wage Standards Act ("OMFWSA") and R.C. § 4113.15.

2. Plaintiff brings this case as a class action pursuant to Civ. R. 23 to remedy violations of the OMFWSA and R.C. § 4113.15 on behalf of himself and other similarly situated employees employed by Defendant in Ohio (the "Class").

### JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Defendant because Defendant transacts business in this state.

4. Venue is proper in this Court because Cuyahoga County is where Defendant conducted the activity that gives rise to this claim for relief.

## PARTIES

5. Plaintiff is an adult individual residing in Cleveland, Ohio, in Cuyahoga County.

6. Within the two years preceding the filing of this Action, Plaintiff was employed by Defendant as a non-exempt employee who was paid on an hourly basis.

7. At all relevant times, Plaintiff and the Class were "employees" within the meaning of R.C. §§ 4111.03(D)(3) and 4113.15.

8. Defendant American Sugar Refining, Inc. is a for-profit Delaware corporation that operates a production facility in Cleveland, Ohio.

9. At all relevant times, Defendant was an "employer" within the meaning of R.C. §§ 4111.03(D)(2) and 4113.15.

## FACTUAL ALLEGATIONS

10. Defendant manufactures, packages, distributes, and sells food products throughout the United States, including Ohio.

11. As a manufacturer of food products, Defendant's Ohio production employees who work in direct contact with food, food-contact surfaces, or food packaging must conform to hygienic practices while performing their primary job duties.

12. These hygienic practices include, but are not limited to, wearing outer garments that protect against the contamination of food, food-contact surfaces, or food-packaging materials, washing their hand thoroughly before starting work and after each absence from the workstation, such as during meal breaks, and wearing hairnets, beard covers, or other effective hair restraints (the "Hygienic Practices").

13. If Defendant's Ohio production employees do not follow the Hygienic Practices, it is possible, if not likely, that the food products Defendant manufactures and sells would be contaminated and unfit for human consumption.

14. It would be impossible for Plaintiff and the Class, who were engaged in the manufacturing, packaging, and handling of food products, to perform their work duties unless they followed the Hygienic Practices.

15. As a result, performing the Hygienic Practices is integral and indispensable to the work Defendant's Ohio employees who are involved in the manufacturing, packaging, and handling of food.

16. The Hygienic Practices are an intrinsic element of the job duties of Defendant's Ohio employees who are involved in the manufacturing, packaging, and handling of food, as well as ones that they cannot dispense with if they are to perform their principal activities, and a component of the work they are hired to do.

17. Consequently, time spent performing the Hygienic Practices by Defendant's Ohio employees who are involved in the manufacturing, packaging, and handling of food is compensable work time within the meaning of the OMFWSA.

18. Plaintiff's job duties involved the manufacturing, packaging, and handling of food products. Other similarly situated employees are and were employed by Defendant at its Cleveland, Ohio manufacturing facility, and were involved in the manufacturing, packaging, and handling of food products.

19. Because Plaintiff's and other similarly situated employees' job duties involved the manufacturing, packaging, or handling of food, they were required to don sanitary clothing before they could start their work.

20. The donning of this sanitary clothing by Plaintiff and other similarly situated employees was those employees' first principal activity of the day.

21. Likewise, at the end of their work shift, Plaintiff and other similarly situated employees were required to remove, or doff, their sanitary clothing.

22. The doffing of sanitary clothing by Plaintiff and other similarly situated employees is those employees' last principal activity of the day.

23. Plaintiff and other similarly situated employees were non-exempt employees under Ohio law and were paid an hourly wage.

24. Within the last two years, Defendant required Plaintiff and other similarly situated employees to don sanitary clothing and other protective equipment and wash their hands while at Defendant's facility, but prior to the start of their scheduled shift. Plaintiff and other similarly situated employees were not paid for this time.

25. After the end of their scheduled shift, Plaintiff and other similarly situated employees were required to doff their sanitary clothing and other protective equipment. Plaintiff and other similarly situated employees were not paid for this time.

26. Plaintiff and other similarly situated employees, as full-time employees, regularly worked 40 or more hours in a workweek in the two years preceding the filing of this Action, including donning and doffing time and associated travel.

27. Plaintiff and other similarly situated employees were not paid for all of the time spent donning and doffing their sanitary clothing and other protective equipment, washing their hands, or for associated travel.

28. As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked in excess of 40 each workweek.

29. Defendant knowingly and willfully engaged in the above-mentioned violations of the OMFWSA.

30. The amount of time Plaintiff and other similarly situated employees spent performing unpaid work was at approximately ten to fifteen minutes or more each day.

31. The unpaid wages to which Plaintiff and other similarly situated employees are entitled has remained unpaid for more than thirty days beyond the regularly scheduled payday.

## OHIO CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action pursuant to Civ. R. 23(a) and (b)(3) on behalf of himself and a class of persons employed by Defendant in Ohio within the last two years defined as:

**All current and former hourly employees of American Sugar Refining, Inc. who worked in Ohio and who were involved in the manufacturing, packaging, or handling of food or food products and who were required to don and/or doff sanitary clothing, and who worked 40 or more hours in any workweek at any time during the two (2) years preceding the date of the filing of this Action through final disposition of this matter (the "Class").**

33. The Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Class but, upon information and belief, aver that it consists of at least 100 people.

34. There are questions of law or fact common to the Class including: whether Defendant failed to pay its employees for donning and doffing time, handwashing, and associated travel, whether that resulted in the underpayment of overtime, and whether Defendant failed to pay the Class wages on a semi-monthly basis as required by R.C. § 4113.15.

35. Plaintiff will adequately protect the interests of the Class. His interests are not antagonistic to but, rather, are in unison with, the interests of the Class members. Plaintiff's Counsel has broad experience in handling class action wage-and-hour litigation and are fully qualified to prosecute the claims of the Class in this case.

36. The questions of law or fact that are common to the Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Civ. R. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Ohio Overtime Violations)

38. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

39. Plaintiff and other similarly situated employees were not paid for time spent donning and doffing their sanitary clothing and other protective equipment, washing their hands, or for associated travel.

40. Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek for Defendant.

41. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for time spent donning and doffing their sanitary clothing and other protective equipment, washing their hands, or for associated travel, resulted in Defendant's failure to pay Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the OMFWSA, § R.C. 4111.03(A).

42. As a result of Defendant's practices, Plaintiff and the Class members have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws.

## COUNT TWO
### Failure to Pay Wages on a Semimonthly Basis

43. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44. R.C. § 4113.15(A) requires that Defendant pay Plaintiff and the Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

45. Plaintiff's and the Class member's unpaid wages have remained unpaid for more than 30 days beyond their regularly scheduled payday in violation of R.C. § 4113.15(A).

46. In violating Ohio law, Defendant acted willfully, without a good faith basis and with reckless disregard to Ohio law.

47. As a result of Defendants' willful violation, Plaintiff and the Class members are entitled to unpaid wages and liquidated damages pursuant to R.C. § 4113.15(A).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all persons similarly situated, pray that this Honorable Court:

A. Certify this case as a Rule 23 class action;

B. Enter judgment against Defendant and in favor of Plaintiff and the Class;

C. Award Plaintiff and the Class actual damages for unpaid wages;

D. Award Plaintiff and the Class liquidated damages in an amount equal to six per cent of the amount of the unpaid wages still unpaid or two hundred dollars per Class member, whichever is greater;

E. Award Plaintiff and the Class pre-judgment and post-judgment interest at the statutory rate;

F. Award Plaintiff and the Class attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the Class further and additional relief as this Court deems just and proper.

Respectfully Submitted,

**NILGES DRAHER LLC**

/s/ *Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
1360 East 9th Street, Ste. 808
Cleveland, OH 44114
Telephone: (216) 230-2944
Facsimile: (330) 754-1430
Email: jmoyle@ohlaborlaw.com

Shannon M. Draher (0074304)
7034 Braucher St., N.W., Suite B
North Canton, OH 44720
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

/s/ *Jeffrey J. Moyle*

Counsel for Plaintiff

JUN 1 1 2022